IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-458-D

| | |
|---|---|
| CHRISTOPHER HARSHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's 29 & 31). The time for either party to file any responses or replies has expired, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. (DE-33). For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-31) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for more specific findings of fact as detailed below.

**Statement of the Case**

Plaintiff filed an application for disability insurance benefits ("DIB") on March 2, 2007 alleging that he became unable to work on July 5, 2006. (Tr. 13). This application was denied

1

initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated September 11, 2009. *Id.* at 13-23. Prior to this decision, Plaintiff began receiving Medicaid benefits. *Id.* at 41, 168. The ALJ did not analyze the decision by another agency to award Plaintiff disability benefits. *Id.* at 13-23. Likewise, the medical record in this matter indicates that on August 16, 2006, the State of North Carolina Department of Transportation ("NCDOT") approved Plaintiff's application for short term disability payments. *Id.* at 292-294. This decision was also not mentioned by the ALJ in his decision.

Plaintiff requested that the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") review the ALJ's decision on October 27, 2009. *Id.* at 6. On April 27, 2010, Plaintiff supplemented his request for review. *Id.* at 182-184 Specifically, Plaintiff's counsel noted:

> [Plaintiff] he has been approved by the State of NC for long term disability through their plan. They are charged with attempting to find . . . [Plaintiff] employment within his limitations before sending him out on LTD. Even though their finding clearly only requires that he be found unable to return to work at the job originally hired to do, the State of NC does not routinely nor automatically place people on retirement without attempting to use them within the limits of the capacity they retain. It is clear that the NC State determination of disability should be read to show that Mr. Harshman is more limited than even the ALJ has assessed.
>
> *Id.* at 184.

The Appeals Council denied Plaintiff's request for review on July 20, 2010, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. No evidence was specifically analyzed by the Appeals Council. Rather, the Appeals Council noted that: "we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council . . .

this information does not provide a basis for changing the Administrative Law Judge's decision" *Id*. at 1-2. Plaintiff filed the instant action on November 3, 2010. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

3

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 5, 2006. (Tr. 15). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) degenerative disc disease; 2) left hand carpal tunnel syndrome; and 3) hypertension. *Id.* During step three, however, the ALJ determined that these impairments were not severe enough to meet or medically equal any of the impairments listed in 20 CFR Part 404, Subpart P. Appendix 1. *Id.*

Specifically, the ALJ found:

> The undersigned finds that these impairments, singly or in combination, based upon a review of the medical evidence, do not meet listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment.
>
> With respect to the claimant's degenerative disc disease and left hand carpal tunnel syndrome, the record does not show that he has major dysfunction of any joint resulting in an inability to ambulate effectively or an inability to

4

> perform fine and gross movements effectively, as required by Medical Listing 1.02, or a spinal disorder characterized by nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, as required by Medical Listing 1.04. His carpal tunnel syndrome has not caused significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, as required by Medical Listing 11.14 with reference to Section 11.04B. The claimant's hypertension is not characterized by evidence of chronic heart failure or ischemic heart disease, as required by Sections 4.02 and 4.04 of the Listings . . .
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with these additional provisos: the claimant should be able to change positions between sitting and standing every 30 minutes; only occasionally engage in postural activities, such as stooping or crouching; not constantly use his left hand for handling or fine fingering.
>
> *Id.* at 15-16.

The ALJ then proceeded with step four of his analysis and determined that Plaintiff was unable to perform any past relevant work. *Id.* at 21. Accordingly, the ALJ ultimately determined that Plaintiff was not under a disability at any time through September 11, 2009. *Id.* at 23.

As noted above, the record indicates that: 1) Plaintiff was receiving Medicaid; and 2) Plaintiff had been approved for short term disability benefits by the NCDOT. *Id*. at 41, 168, 292-294. The ALJ did not address either fact in his decision, nor did the Appeals Council during its review of that decision.

Social Security Ruling 06-03p states:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental

> agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> SSR 06-03-p.

Thus, while the Medicaid and NCDOT decisions are not binding upon the Defendant, an ALJ should nonetheless "explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." SSR 6-03p. *See also,* Watson v. Astrue, 2009 WL 2423967 (E.D.N.C. August 6, 2009)(ordering remand when ALJ failed to analyze prior NCDHHS decision). *See also*, Bridgeman v. Astrue, 2008 WL 1803619 (E.D.N.C. April 21, 2008). "Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits." Alexander v. Astrue, 2010 WL 4668312 (E.D.N.C. November 5, 2010). With regard to the Medicaid and NCDOT decisions, "the ALJ said nothing, and SSR-06-03p requires more than 'nothing.'" Watson v. Astrue, 2009 WL 2423967 (E.D.N.C, Aug. 6, 2009) (remanding where ALJ neglected entirely to mention Medicaid decision in his ruling).

Accordingly, it is HEREBY RECOMMENDED that the decision dated September 11, 2009 be remanded to permit the ALJ to discuss and analyze the Medicaid and NCDOT decisions.

**Conclusion**

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-43) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-45) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to permit an ALJ to make additional findings in accordance with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 15, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE